# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## 06-210


MELISSA HORACEK

VERSUS

DAVELYN WATSON, ET AL.


************

## APPEAL FROM THE
## NINTH JUDICIAL DISTRICT COURT
## PARISH OF RAPIDES, NO. 212,514
## HONORABLE F. RAE SWENT, DISTRICT JUDGE

************

## JAMES T. GENOVESE
## JUDGE

************


Court composed of John D. Saunders, Elizabeth A. Pickett, and James T. Genovese, Judges.


                                          REVERSED AND REMANDED.

**Robert G. Nida**
**Post Office Box 6118**
**Alexandria, Louisiana 71307-6118**
**(318) 445-6471**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Melissa Horacek**

**Thomas O. Wells**
**Post Office Box 13438**
**Alexandria, Louisiana 71315**
**(318) 445-4500**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Davelyn Watson, individually, and d/b/a Watson Properties, and**
    **Carl Watson, individually, and d/b/a Watson Properties**

**GENOVESE, Judge.**

In this suit for damages arising out of a home rental agreement between Plaintiff and Defendants, Plaintiff appeals the district court's judgment granting Defendants' exception of res judicata based upon a prior judgment of eviction rendered in city court. For the following reasons, we reverse and remand for further proceedings.

## FACTS

In October 2001, Plaintiff, Melissa Horacek (Horacek), executed a rental agreement with Davelyn Watson for a home in Alexandria, Louisiana. On June 24, 2002, Davelyn Watson filed a rule to evict Horacek in Alexandria City Court. On July 9, 2002, the city court judge rendered judgment in favor of Davelyn Watson and against Melissa Horacek ordering Horacek to vacate the premises and to deliver possession thereof to Davelyn Watson.

On March 21, 2003, Horacek filed the present action in the Ninth Judicial District Court in Rapides Parish against Defendants, Davelyn Watson, individually, and doing business as Watson Properties, and Carl Watson, individually, and doing business as Watson Properties. Horacek alleges in her petition that in May of 2002 she notified Davelyn Watson of her intention to vacate the premises and that they agreed to a pro-rated rental amount for the time her belongings would remain on the rental property after vacating same. Horacek alleges that when she returned to the property to obtain her belongings, she discovered that they had been removed from the premises and discarded. Horacek contends that Defendants are the owners of the rental property and that their wrongful seizure of her property constituted tortious conduct, breach of contract, and violated Louisiana law regarding rental agreements and evictions of tenants.

1

The answer of Davelyn Watson and Carl Watson (d/b/a Watson Properties) averred that Carl Watson was the full owner of the rental property and that Davelyn Watson had no ownership interest in the property as had been alleged. Additionally, Defendants filed a reconventional demand against Horacek wherein they asserted that Horacek had caused damage to the rental property and had abandoned same. Defendants subsequently filed an exception of res judicata asserting that Horacek's present action was a compulsory reconventional demand which was required to have been asserted by her in the suit for eviction filed in the Alexandria City Court.

The exception of res judicata was heard in the district court on August 15, 2005. After taking the matter under advisement, the district court judge granted the exception of res judicata and dismissed Horacek's claims with prejudice. It is from this judgment that Horacek appeals. For the following reasons, we reverse and remand for further proceedings.

## ISSUE

The sole issue presented for our review is whether the district court erred in granting the exception of res judicata.

## LAW AND ARGUMENT

Horacek asserts that the district court erred in concluding that her failure to reconvene in the Alexandria City Court warranted the application of the doctrine of res judicata. We agree.

Louisiana Code of Civil Procedure Article 425(A) provides that "[a] party shall assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation." Additionally, by its use of the mandatory language "shall," La.Code Civ.P. art. 1061(B) requires a "defendant in the principal action" to "assert in a reconventional demand all causes of action that he may have against the

2

plaintiff that arise out of the transaction or occurrence that is the subject matter of the principal action." In *Walker v. Howell*, 04-246, p. 2 (La.App. 3 Cir. 12/15/04), 896 So.2d 110, 112, this court held that "an exception of res judicata is the proper procedural vehicle to enforce the . . . mandates [of La.Code Civ.P. art. 425 and La.Code Civ.P. art. 1061] by barring claims that were or could have been litigated in a previous lawsuit."

Louisiana law applicable to res judicata is embodied in Louisiana Revised Statutes 13:4231, which provides as follows:

§ 4231. Res judicata

Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:

(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.

(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

Defendants argued in the district court, and again on appeal, that the doctrine of res judicata precludes the present action by Horacek due to her failure to assert her claim via reconventional demand in the city court proceedings. Despite the procedural constraints preventing such a reconventional demand, the district court agreed with this assertion. The notice of rendition of oral judgment issued by the district court reads, in pertinent part, as follows:

> The Exception of Res Judicata is granted. [La.Code Civ. P.] art. 1061(B) now provides all claims which arise out of the same transaction shall be brought as a reconventional demand. The fact that the initial action to evict was a summary proceeding and the reconventional demand must be brought in an ordinary proceeding does not change the requirement that it indeed be brought. The proper course of action would be to file the reconventional demand and then have the issues severed by the court. *Earhart v. Brown*, [97-522, (La.App. 5 Cir. 10/28/97), 702 So.2d 976.]

We disagree with the *Earhart* decision and find the district court's reliance on same to be misplaced.

The present claim for damages asserted by Horacek could not have been litigated in the previous lawsuit filed in the Alexandria City Court for two reasons. First, the action filed in the city court was for eviction. Such an action is a summary proceeding instituted by a rule to show cause. La.Code Civ.P. art. 2592; La.Code Civ.P. art. 4731. In contrast, the present suit for damages requires suit by ordinary process. La.Code Civ.P. art. 851. The Louisiana Code of Civil Procedure requires that "[t]he mode of procedure employed in the incidental action shall be the same as that used in the principal action, except as otherwise provided by law." La.Code Civ. P. art. 1036(B). Accordingly, an attempt by Horacek to assert her present claim for damages in the city court proceedings would have violated La.Code Civ.P. art. 1036(B).

Secondly, the present claim for damages could not have been litigated in the Alexandria City Court due to a lack of jurisdiction. Louisiana Code of Civil Procedure Article 4843(K) grants the City Court of Alexandria jurisdiction over cases "where the amount in dispute, or the value of the property involved, does not exceed thirty-five thousand dollars." Paragraph eighteen of Horacek's petition asserts that "her damages [are] greater than $50,000.00," and paragraph nineteen states that she

4

"desires and is entitled to trial by jury as to all issues herein."

Being a court of limited jurisdiction, the Alexandria City Court would have been without jurisdiction to resolve the amount allegedly in dispute. Additionally, La.Code Civ.P. art. 4871 states that "[t]here shall be no trial by jury in any case in a . . . city court . . . ." Consequently, a trial by jury is prohibited in the Alexandria City Court. Therefore, the present claim is not a claim that could have been litigated in the original proceedings filed in the Alexandria City Court.

As noted above, Appellees argue that despite the procedural constraints preventing Horacek from having the present action litigated in the Alexandria City Court, the proper procedure would have been for Horacek to file her reconventional demand in the city court, and then to have the court sever her claim for damages and transfer same to the district court pursuant to La.Code Civ.P. art. 4873. This is not required by the Louisiana Code of Civil Procedure.

Appellees' argument is likewise contrary to the intent of the doctrine of res judicata. Comment (a) to La.R.S. 13:4231 states that the purpose of the doctrine of res judicata "is to foster judicial efficiency and also to protect the defendant from multiple lawsuits." Similarly, comment (b) to La.R.S. 13:4231 states that "this principle serves the interests of judicial economy. . . ." As this court recognized in *Metoyer v. Roy O. Martin*, 03-1540, p. 2 (La.App. 3 Cir. 12/1/04), 895 So.2d 552, 564, *on rehearing*, *writ denied*, 05-1027 (La. 6/3/05), 903 So.2d 467 (quoting *Lee v. Twin Bros. Marine Corp.*, 03-2034, pp. 4-5 (La.App. 1 Cir. 9/17/04), 897 So.2d 35, 37), "[t]he purpose of res judicata is to promote judicial efficiency and final resolution of disputes by preventing needless relitigation." The judicial efficiency of the doctrine of res judicata is neither promoted nor accomplished by requiring Plaintiff in this case to file her claim for damages against Defendants via

5

reconventional demand in the summary eviction proceedings in the Alexandria City Court. Because the city court lacks jurisdiction over the amount in dispute and cannot accommodate a trial by jury, it is nonsensical to require Plaintiff to file a motion to sever the claims and a motion to transfer her claim to the district court. That would be tantamount to judicial inefficiency as opposed to judicial efficiency.

For the foregoing reasons, we reverse the judgment of the district court granting the exception of res judicata and remand this matter to the district court for further proceedings.

Having found that Horacek's present claim is not barred by the doctrine of res judicata, this court need not address Appellant's alternative argument that the present action lacks an "identity of parties" as required by *Burguieres v. Pollingue*, 02-1385 (La.2/25/03) 843 So.2d 1049. However, we do note that Carl Watson was *not a party* to the eviction proceedings in the Alexandria City court and that the sole plaintiff in that proceeding was Davelyn Watson.

## **<u>DECREE</u>**

For the reasons set forth above, we reverse the judgment of the trial court granting Defendants' exception of res judicata and dismissing Plaintiff's suit with prejudice. This matter is remanded for further proceedings consistent herewith.

Costs of this appeal are assessed against Defendants, Davelyn Watson, individually, and d/b/a Watson Properties, and Carl Watson, individually, and d/b/a Watson Properties.

**REVERSED AND REMANDED.**