664 So.2d 1191 (1995)
Charles MATTHEWS
v.
CONSOLIDATED COMPANIES, INC. et al.
No. 95-C-1925.
Supreme Court of Louisiana.
December 8, 1995.
Rehearing Denied January 26, 1996.
PER CURIAM.
The writ application is granted in part and denied in part.
In this personal injury case, the jury awarded plaintiff medical expenses of $35,220.99, future lost wages of $10,000, and general damages of $451. Only the plaintiff appealed. Defendants neither appealed nor answered plaintiff's appeal.
On appeal, the court of appeal held that the jury's award of damages was internally inconsistent and reviewed the record de novo on that issue, without according any deference to the jury's verdict. The court of appeal concluded that plaintiff was entitled to $10,000 in general damages, but had failed to prove any past or future lost wages and had proved only $3,522 in medical expenses attributable to this accident. Judgment was accordingly rendered in the principal amount of $13,522, which was $32,150 less than the trial court judgment from which defendants had not appealed.
Since only plaintiff appealed, and defendants did not appeal or answer plaintiff's appeal, the total amount of damages awarded by the jury to plaintiff cannot be reduced by the appellate court because to so do would result in a modification in favor of the non-appealing defendant, contrary to Louisiana law. La.CCP art. 2133; Jordan v. Travelers Ins. Co., 257 La. 995, 245 So.2d 151 (1971); Williams v. City of Baton Rouge, 252 La. 770, 214 So.2d 138 (1968); and Britt Builders, Inc. v. Brister, 618 So.2d 899 (La. App. 1st Cir.1993). While a defendant who *1192 has not appealed or answered the appeal and who did not seek modification, revision or reversal of that judgment may assert in support of that judgment any argument supported by the record under La.CCP art. 2133, he may not obtain a modification of the judgment without appealing or answering the appeal.
Accordingly, the court of appeal erred in reducing the damages judgment to an amount less than the trial court judgment when plaintiff was the only party who perfected an appeal. The writ application is granted summarily in part and the award of $45,671.99 in total damages plus expert witness fees as set forth in the trial court judgment is hereby reinstated. Further, the court of appeal implicitly rejected plaintiff's claim that he was entitled to an increase in damages over that awarded by the jury. We find no error in that conclusion and further find no merit in plaintiff's argument for an increase in damages. Therefore, the writ application is otherwise denied.
WRIT GRANTED IN PART, TRIAL COURT JUDGMENT REINSTATED, OTHERWISE WRIT DENIED.