|, MURRAY, Judge.
Plaintiffs in this civil action appeal the trial court’s grant of a motion for partial summary judgment, dismissing an insurer’s subrogation claim for damages resulting from ordinary negligence. We vacate the judgment for the reasons that follow, and remand for further proceedings.
FACTUAL ALLEGATIONS and PROCEEDINGS BELOW
TANO Automation, Inc. (TANO) and its insurer, Travelers Indemnity Company (Travelers), filed this timely suit to recover for losses resulting from two fires that destroyed the MacFrugal’s warehouse in eastern New Orleans on March 21, 1996. It is alleged that the first fire was deliberately set by a disgruntled MacFrugal’s employee, but that a second blaze resulted from the restoration of electrical service before the sprinkler system was turned back on and while other protective systems remained disabled. It is further alleged that the damage caused by either or both fires was exacerbated by the violation of certain building and safety code provisions in the warehouse.
| ¿TANO, which occupied a relatively small portion of the warehouse under a written lease with a MacFrugal’s subsidiary, West Coast Liquidators, Inc. (West Coast), seeks compensation from numerous defendants for its uninsured losses, while Travelers claims the right of subro-gation for all amounts paid to its insured. In May 1998, the lessor, West Coast, moved for a summary judgment dismissing all plaintiffs’ claims against it. It asserted that under one provision of the lease, TANO had waived any and all claims against the lessor for damages arising from the condition of the premises, and in another provision, both lessor and lessee had mutually waived all subrogation rights under any applicable insurance policies. In opposition, TANO and Travelers argued, among other things, that the “waiver of liability” provision could not be enforced as to damages arising from gross negligence under Civil Code article 2004,[1] and that the “waiver of subrogation” provision applied only to liability coverage, while Travelers’ reimbursement to TANO was made under a separate casualty policy that was not required by the lease. It was further noted that a portion of TANO’s damages were not covered under the policy issued by Travelers. West Coast filed a reply memorandum to address the plaintiffs’ arguments.
After hearing oral arguments, the trial court granted summary judgment in part and denied it in part. In oral reasons for judgment, the court stated that both plaintiffs were entitled to go to trial on their gross negligence claims against West *125 Coast, but that material factual disputes remained regarding West Coast’s liability for TANO’s uninsured losses, whether caused by gross or ordinary negligence. A written judgment was subsequently rendered, “dismissing all claims of Travelers Indemnity Company, Inc. against West Coast Liquidators, Inc., with prejudice, Lexcept for its allegations of gross negligence on the part of West Coast Liquidators, Inc.,” and denying the motion as to any claims asserted by TANO.
The judgment was certified by the trial court as final under Civil Procedure article 1915 B(l), followed by timely petitions for appeal by TANO and Travelers as well as by West Coast. However, the plaintiffs filed a written objection to West Coast’s appeal, asserting that the denial of a motion for summary judgment is not appeal-able. Shortly thereafter, the defendant voluntarily dismissed its appeal, and neither filed an answer to the plaintiffs’ appeal nor sought supervisory review of the adverse ruling by filing a writ application with this court.
DISCUSSION
The disputed provisions of the lease are as follows, with underlining used to indicate language added by the parties to a “Standard Industrial Lease — Multi-Tenant” form:
8. Insurance; Indemnity.
8.1 Liability Insurance — Lessee. Lessee shall, at Lessee’s expense, obtain and keep in force ... a policy of Combined Single Limit Bodily Injury and Property Damage insurance insuring Lessee and Lessor against any liability arising out of the use, occupancy or maintenance of the Premises.... Lessee at its sole cost and expenses [sic] shall also maintain workers compensation insurance.
8.2 Liability Insurance — Lessor. Lessor shall obtain and keep in force ... a policy of Combined Single Limit Bodily Injury and Property Damage Insurance, insuring Lessor, but not Lessee, against any liability arising out of the ownership, use, occupancy or maintenance of the Industrial Center in an amount not less than $500,000 per occurrence at Lessor’s sole discretion.
8.3Property Insurance. Lessor shall obtain and keep in force ... insurance covering loss or damage to the Industrial Center improvements, but not Lessee’s personal property, fixtures, equipment or tenant improvements ... providing protection against all perils included within the classification of fire, extended coverage, vandalism, malicious mischief ... (“all risk,” as such term is used in the insurance industry), and such other insurance as Lessor deems advisable.
148.4 Payment of Premium Increases .... (not relevant here)
8.5 Insurance Policies .... (not relevant here)
8.6 Waiver of Subrogation. Lessee and Lessor each hereby release and relieve the other, and waive their entire right of recovery against the other for loss or damage arising out of or incident to the perils insured against which perils occur in, on or about the Premises, whether due to the negligence of Lessor or Lessee or their agents, employees, contractors and/or invitees. Lessee and Lessor shall, upon obtaining the policies of insurance required hereunder, give notice to the insurance carrier or carriers that the foregoing mutual waiver of subrogation is contained in this Lease.
8.7 Indemnity _ (not relevant here)
8.8 Exemption of Lessor from Liability. Lessee hereby agrees that Lessor shall not be hable for injury to Lessee’s business or any loss of income therefrom or for damage to the goods, wares, merchandise or other property of Lessee, Lessee’s employees, invitees, customers, or any other person in or about the Premises or the Industrial Center, nor shall Lessor be liable for injury to the person of Lessee, Lessee’s *126 employees, agents or contractors, whether such damage or injury is caused by or results from fire, storm, electricity, gas, water or rain, or from the breakage, leakage, obstruction or other defects of pipes, sprinklers, wires, appliances, plumbing, air conditioning or lighting fixtures, or from any other cause, whether said damage or injury results from conditions arising upon the Premises or upon other portions of the Industrial Center, or from other sources or places and regardless of whether the cause of such damage or injury or the means of repairing the same is inaccessible to Lessee. Lessor shall not be liable for any damages arising from any act or neglect of any other lessee, occupant or user of the Industrial Center, nor from the failure of Lessor to enforce the provisions of any other lease of the Industrial Center.
Because only Travelers’ claims resulting from ordinary negligence were dismissed, plaintiffs’ appellate arguments focus upon the validity and scope of the waiver of subrogation in Section 8.6 of the lease. However, West Coast counters that that provision is irrelevant because Travelers cannot acquire by subrogation a right of recovery that TANO waived in Section 8.8, asserted to be a valid exemption from liability for the lessor’s ordinary negligence. In reply to this contention, the plaintiffs point out that if, in fact, Section 8.8 precluded the lessee-insured’s recovery for ordinary negligence, then the trial court should have granted [Bpartial summary judgment on TANO’s claim for those damages. Because the motion for summary judgment was instead denied as to all of TANO’s claims, the plaintiffs assert that the validity and scope of Section 8.8 cannot be considered in this appeal.
These arguments highlight the inconsistency in the trial court’s ruling. The court held that Section 8.8 could not apply to exempt the lessor from liability for intentional or gross fault because Civil Code article 2004 prohibits such a limitation. See Banner Chevrolet v. Wells Fargo Guard Services, 508 So.2d 966, 967 (La. App. 4th Cir.1987). Therefore, TANO, the lessee-insured, retains the right to recover against West Coast if gross negligence can be proven at trial. However, the court further held that Travelers’ claim for damages resulting from gross negligence also remains viable, notwithstanding the policy provision permitting an advance waiver of subrogation by the insured. Because the prohibition of Article 2004 is irrelevant to a contractual right of subrogation, the determination that the insurer has acquired its insured’s right of recovery of such damages necessarily implies that Section 8.6 does not effect a valid waiver under these circumstances. Yet the judgment at issue dismisses Travelers’ claim in subrogation for losses arising from ordinary negligence, with no apparent basis for this dismissal other than the language of Section 8.6 of the lease.
It thus appears that this court cannot decide whether the dismissal of Travelers’ ordinary negligence claim was correct under the language of the lease without also deciding whether the court below properly denied summary judgment as to its claim based upon gross negligence. Additionally, as West Coast argues, because the two disputed provisions are interrelated, it would be necessary to review the viability of TANO’s claims under the waiver of liability in Section 8.8 in order to decide if, as plaintiffs argue, Travelers retains a right to recover | ^damages caused by ordinary negligence. However, this court is without authority to modify the judgment in favor of West Coast because its appeal was withdrawn and the defendant neither answered the plaintiffs’ appeal nor applied for supervisory writs. La.Code Civ. Proc. art. 2133; Matthews v. Consolidated Companies, Inc., 95-1925 (La.12/8/95), 664 So.2d 1191. Moreover, the merits of TANO’s claims are not properly before the court in this appeal because the judgment contains no ruling adverse to TANO.
*127 Despite these limitations on our appellate jurisdiction, any determination by this court as to the merits of these competing claims could become conclusive between the parties because the judgment was certified as final under Civil Procedure article 1915.[2] See Tolis v. Bd. of Sup’vrs of LSU, 95-1529, p. 2 (La.10/16/95), 660 So.2d 1206, 1206 (discussing the res judicata effect of an appellate review of the merits), and Carriere v. Bank of Louisiana, 95-3058, pp. 11-14 (La. 10/31/97, on reh’g), 702 So.2d 648, 668-69 (applying the “law of the case” doctrine to preclude later appellate review of an issue). Accordingly, because we are presented with an inconsistent judgment that is based upon an incomplete record and which dismisses only one claim as to one of two plaintiffs, we are unable to render a decision that would be “just, legal, and proper on the record,” as required by Civil Procedure article 2164. Instead, the partial summary judgment rendered by the court below must be vacated and the matter remanded. Until the validity and scope of Sections 8.6 and 8.8 can be determined as to all claims asserted by each of the two plaintiffs, consistent with the views expressed herein, the rendition of a final, conclusive judgment is inappropriate under the law and on these facts.
^CONCLUSION
For the reasons assigned, the judgment appealed from is vacated and the matter is remanded for further proceedings in accordance with this opinion.
VACATED AND REMANDED.

. This provision states in pertinent part: "Any clause is null that, in advance, excludes or limits the liability of one party for intentional or gross fault that causes damage to the other party.” ■

. La. R.S. 13:4231(3) states: "A judgment in favor of either the plaintiff or defendant is conclusive ... with respect to any issue actually litigated and determined if its determination was essential to that judgment.”