PER CURIAM.
|, Writ granted in part, otherwise denied.
We granted this writ in part in this workers’ compensation case to address the procedural issue concerning whether the Court of Appeal can modify a judgment in favor of a non-appealing party when the appellate court reverses the trial court’s judgment, which was granted fully in favor of the non-appealing party, and the non-appealing party did not file an answer to the appeal. For the following reasons, we find the Court of Appeal erred as a matter of law in requiring the claimant to file an answer to the appeal for a modification of the judgment granted fully in favor of the non-appealing party. This writ is denied in all other respects. Accordingly, we reverse in part and remand to the Court of Appeal for further consideration.
The claimant, Corey Lamartiniere, filed suit against defendant Boise Cascade Corporation (Boise) after the defendant discontinued all benefits based upon its belief that claimant had committed fraud in violation of La.Rev.Stat. 23:1208. The trial court found the claimant did not violate La.Rev.Stat. 23:1208 and reinstated temporary total disability benefits (TTDs) from the date of his termination. Boise appealed. The Court of Appeal affirmed the trial court’s finding 12that Boise failed to meet its burden of proving fraud but reversed the trial court’s reinstatement of TTDs, holding the trial court committed manifest error in finding claimant met his burden of proving entitlement to continued TTDs. Additionally, the Court of Appeal declined to consider the claimant/appellee’s alternative request in his brief for supplemental earnings benefits, for which a worker unable to make 90% of his pre- *1235 accident wage may be eligible. The appellate court held it could not consider the request because the claimant did not file an answer to Boise’s appeal.
Because the trial court’s judgment was granted fully in favor of the claimant, the claimant was under no obligation to answer the appeal. Under Louisiana law, “an appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant.” La. C.C.P. art. 2133. See also Hildebrand v. City of New Orleans, 549 So.2d 1218 (La.1989); Logan v. Louisiana Dock Co., 541 So.2d 182 (La.1989). Therefore, the Court of Appeal fell into error in requiring the claimant to file an answer to the appeal under these circumstances.
In its judgment, the appellate court commented: “Finally, because Claimant did not answer Boise’s appeal, we cannot grant the request in his appellee brief that he be awarded SEBs [supplemental earnings benefits] ‘because to do so would result in a modification in favor of the non-appealing [party], contrary to Louisiana law.’ La.CCP art. 2133. Matthews v. Consol. Cos., Inc., 95-1925, p. 1 (La.12/8/95), 664 So.2d 1191, 1191.” However, Matthews is inapposite. In Matthews, only the plaintiff appealed for an increase in the jury’s personal injury award. The defendant did not appeal nor file an answer to the appeal. The Court of Appeal denied the plaintiffs requested increase and instead decreased the jury’s personal injury award. We granted writs and reversed the Court of Appeal, because it was without authority to modify the jury’s award in favor of the non-appealing defendant. Under the plain language of La. C.C.P. art. 2133, the defendant was under an obligation to file an |sanswer in order to obtain a reduction of the jury’s award. In contrast, the claimant in the present case, having no desire to modify the trial court’s judgment, was not required to file an answer to the appeal under La. C.C.P. art. 2133. Because the Court of Appeal reversed the original judgment which the claimant had not sought to modify, the claimant now has a potential claim for supplemental earnings benefits.
DECREE
We hereby grant the claimant’s writ in part, reversing the Court of Appeal’s ruling that claimant had to file an answer to the appeal for consideration of his eligibility for supplemental earnings benefits. We remand this case to the Court of Appeal for a determination of whether the record has been sufficiently developed to support a finding regarding the claimant’s entitlement for supplemental earnings benefits. In all other respects this writ is denied.
GRANTED IN PART, DENIED IN PART, AND REMANDED.
WEIMER, J., would grant and docket.