STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-1075


COREY LAMARTINIERE

VERSUS

BOISE CASCADE CORPORATION


\*\*\*\*\*\*\*\*\*\*

ON REMAND

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 2
PARISH OF RAPIDES, NO. 07-07255
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

PHYLLIS M. KEATY
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of J. David Painter, Phyllis M. Keaty, and John E. Conery, Judges.


CLAIMANT'S REQUEST FOR SUPPLEMENTAL
EARNINGS BENEFITS DENIED.

Eugene A. Ledet, Jr.
Dalrymple & Ledet, LLC
Post Office Drawer 14440
Alexandria, Louisiana  71315
(318) 442-1818
Counsel for Plaintiff/Appellee:
        Corey Lamartiniere

**Charles W. Farr**
**Attorney at Law**
**1305 W. Causeway Approach, Suite 213**
**Mandeville, Louisiana  70471**
**(985) 626-3821**
**Counsel for Defendant/Appellant:**
      **Boise Cascade Corporation**

**KEATY, Judge.**

We revisit this workers' compensation case on remand from the supreme court after it determined that we "erred as a matter of law in requiring the claimant to file an answer to the appeal for a modification of the judgment granted fully in favor of the non-appealing party." *Lamartiniere v. Boise Cascade Corp.*, 14-1195, p. 1 (La. 10/24/14), __ So.3d __, __.

The procedural history of this matter was recited by the supreme court in its partial grant of the claimant's request for writ of certiorari:

> The claimant, Corey Lamartiniere, filed suit against defendant Boise Cascade Corporation (Boise) after the defendant discontinued all benefits based upon its belief that claimant had committed fraud in violation of La.Rev.Stat. 23:1208. The trial court found the claimant did not violate La.Rev.Stat. 23:1208 and reinstated temporary total disability benefits (TTDs) from the date of his termination. Boise appealed. The Court of Appeal affirmed the trial court's finding that Boise failed to meet its burden of proving fraud but reversed the trial court's reinstatement of TTDs, holding the trial court committed manifest error in finding claimant met his burden of proving entitlement to continued TTDs. Additionally, the Court of Appeal declined to consider the claimant/appellee's alternative request in his brief for supplemental earnings benefits, for which a worker unable to make 90% of his pre-accident wage may be eligible. The appellate court held it could not consider the request because the claimant did not file an answer to Boise's appeal.

*Id.* at pp. 1-2. In its decree, the supreme court directed that the case be remanded to this court "for a determination of whether the record has been sufficiently developed to support a finding regarding the claimant's entitlement for supplemental earnings benefits [SEBs]." *Id.* at 3.

We noted the following in our original opinion:

> After having completed a thorough review of the evidence and exhibits submitted at trial, we conclude that the WCJ committed manifest error in finding that Claimant met his burden of proving his entitlement to TTDs. **Claimant failed to offer any testimony regarding his current level of pain or his current ability/inability to work at the May 16, 2013 trial of this matter**. On the other hand,

through the results of the FCE; the testimonies of Dr. Bunch, Mr. Strother, and Mr. Latiolais; and the surveillance videos, particularly the one showing Claimant loading thirty-four bags of ice into the cooler at Strother's, Boise rebutted the evidence in the medical records indicating that Claimant was unable to engage in any employment. Thereafter, Claimant failed to offer any additional evidence to show his current inability to work. When confronted with the evidence of his activities at Strother's, Claimant did not deny participating in those activities. While the February 14, 2012 report from Dr. Vaughn's office stated that Claimant was unable to work, none of the more recent reports note such inability to work. Instead, the reports simply note that Claimant has not resumed working. More importantly, according to a May 10, 2013 note from Dr. Vaughn, an updated MRI of Claimant's lumbar spine was performed on April 3, 2013, and showed "no significant impingement" nor "any impingement which would be expected to be causing [the] described radicular symptoms." Thus, it appears that the need for an additional MRI as noted by the WCJ no longer exists. We find no merit to Claimant's argument that the FCE had to be ordered or reviewed by one of his physicians to be valid or that Boise had to get his physician's approval of any jobs to defeat his claim to entitlement of TTDs. To the contrary, the burden on an employer to prove that an employee can perform a certain job only arises when the employee has met his initial burden of proving his entitlement to SEBs due to a disability that prevents him from earning at least ninety percent of his pre-injury wages. *See Dubuisson v. Amclyde Engineered Prods., Co., Inc.,* 12-10 (La.App. 1 Cir. 12/31/12), 112 So.3d 891. Likewise, the WCJ was mistaken in his belief that Boise's failure to supply Claimant with a 1020 income reporting forms or a 1025 certificate of compliance somehow relieved Claimant of the burden of proving that he was unable to work.

*Lamartiniere v. Boise Cascade Corp.*, 13-1075, pp. 11-13 (La. 10/24/14), 137 So.3d 119, 126-27 (emphasis added).

At the outset, we conclude that the record is sufficiently developed to allow us to determine claimant's entitlement to SEBs. Given our previous finding that claimant offered no testimony at trial "regarding his current level of pain or his current ability/inability to work," we now conclude that he necessarily failed to meet "his entitlement to SEBs due to a disability that prevents him from earning at least ninety percent of his pre-injury wages." *Id.* at 126-27. Thus, claimant's

2

request that he be awarded SEBs in lieu of our finding that he was not entitled to TTDs beyond the date of trial is denied.

**CLAIMANT'S REQUEST FOR SUPPLEMENTAL EARNINGS BENEFITS DENIED.**