CONERY, J.,
concurs in part and dissents in part.
hi concur in the majority’s decision to reverse the judgment against GEICO Indemnity Company and its insured, Patricia Breaux. I dissent as to the amount of general monetary damages for each plaintiff set by the majority.
Edwards and Wardsworth are brothers. They were rear ended but neither reported any injuries at the scene of this relatively minor automobile collision. The accident happened on February 24, 2012. Edwards reported to the E.R. two days after the accident on February 26, 2012, and Wardsworth three days later on February 29, 2012. Neither was diagnosed with a serious injury and almost no objective findings were noted. Edwards, complained of back pain and Wardsworth neck and knee pain. Both were treated and released. Wardsworth went to the E.R. for three follow up visits. Edwards did not. Both men hired the same attorney, who referred them to a doctor on May 17, 2012, some three months after the accident.
| ^According to counsel for defendant-appellant GEICO, the doctor is reputed to be well-known to the local courts as sympathetic to plaintiffs.[1] The doctor prescribed an identical treatment regimen to Edwards and Wardsworth. Further, the doctor prescribed a gel patch for Edwards and pain pills and physical therapy for each. . The doctor referred them to the same therapist on approximately the same dates and each was treated for about eight visits. At best, the medical evidence showed each plaintiff had a three to five month soft tissue injury that resolved completely. Both were discharged from therapy and the doctor on July 3, 2012, with no further objective findings and no complaints. Both men were impeached at trial based on past injuries they had previously denied.
As to liability, the majority correctly found that the only party at fault was the first and only vehicle to strike Edwards and Wardsworth, driven by Sean Mayhair and insured by Shelter Mutual. Both men admitted to the police officer at the scene *965 and at trial feeling only one impact. The trial judge nevertheless found Mayhair and Breaux both at fault, but had no factual findings or analysis whatsoever to support his ruling. The majority voted to reverse the fault finding against Breaux and GEICO as manifestly erroneous, and I agree.
On the issue of damage, there was no analysis of the evidence or reasons for the trial judge’s general damage award either. In its reasons for ruling, the trial judge apparently set the general damage award based on the amount of insurance coverage available, $15,000.00 for each policy per person or $30,000.00 per accident each for Edwards and Wardsworth under the combined Breaux and |sMayhair policies. There was no discussion by the trial judge as to the nature and extent of their injuries or what the justification or rationale for his quantum awards may have been.
Moreover, in the actual judgment signed by the trial court, the trial judge did not cast each individual defendant and their insurers in solido for $30,000.00 each in general damages. Instead, the actual judgment cast Mayhair and Shelter Mutual for $15,000.00 each to Edwards and Wardsworth, the amount of Shelter Mutual’s policy limits, and $15,000.00 each to Edwards and Wardsworth against Patricia Breaux and GEICO, the amount of GEI-CO’s policy limits. The actual judgment further ordered Sean Mayhair and State Farm Mutual Automobile Insurance Company, Edwards under insurance motor carrier, to pay to Tiras Edwards One Thousand Five Hundred Three Dollars and 27/100 ($1,503.27), jointly and in solido. This sum represents one-half of Edward’s proven medical specials, with the other half being cast jointly to State Farm and Patricia Breaux.
Likewise, the trial court awarded judgment in favor of Kevin Wardsworth for $15,000.00 in general damages as against Mayhair and Shelter Mutual in solido, and $1,963.30 against Mayhair and State Farm, Edwards U.M. carrier. Therefore the only judgments left standing are the judgments against Sean Mayhair and Shelter Mutual in the amount of $15,000.00 each to Edwards and Wardsworth and the judgments against Mayhair and State Farm in the amount of $1,503.27 to Edwards and $1,963.30 to Wardsworth. Using the manifest error standard, the majority then found that the $30,000.00 general damages to each plaintiff mentioned in the trial judge’s reasons for ruling was too high, and purported to reduce the general damages to $22,500.00 each.
The majority, incorrectly in my view, actually increased the judgment as ¡¿against Mayhair and Shelter Mutual to $22,500.00 for each plaintiff, thus in actuality, adding $7,500.00 to each general damage award as against Mayhair. Since Shelter Mutual’s policy limits are only $15,000.00 per person, the net effect of the judgment is to increase the awards against Mayhair and State Farm, Edwards U.M. carrier, by $7,500.00 each. No mention is made in the majority opinion of the original trial court award in favor of Edwards and Wardsworth against Mayhair and State Farm for the medical expenses of $1,503.27 and $1,963.30, respectively.
The written reasons and the actual judgment in this case are clearly inconsistent. While it may be true that the trial court may have intended to award $30,000.00 in general damages each to Edwards and Wardsworth in his reasons for ruling, it is the actual judgment and not the reasons that control, as “appellate courts review judgments, not reasons for judgment.” Winbery v. Louisiana College, 13-339, p. 9 (La.App. 3 Cir. 11/6/13), 124 So.3d 1212, 1218, writs denied, 13-2844 (La.4/11/14), 137 So.3d 1215 and 13-2859 (La.4/11/14), *966 137 So.3d 1215. The actual judgment is controlling and that is what we must consider on appeal. Edwards and Wards-worth did not appeal or answer the appeal as to the judgments against Mayhair, Shelter Mutual and State Farm.
It is well-established in this circuit that when parties do not appeal or answer the appeal, we cannot increase the damages award. See La.Code Civ.P. art. 2133; Lamartinere v. Boise Cascade Corp., 14-1195 (La.10/24/14), 149 So.3d 1234; Matthews v. Consolidated Co., Inc., 95-1925 (La.12/8/95), 664 So.2d 1191; Smith v. Municipality of Ferriday, 05-755 (La.App. 3 Cir. 2/1/06), 922 So.2d 1222, writ denied, 06-0934 (La.9/29/06), 937 So.2d 860; Bolzoni v. Theriot, 95-1233 (La.App. 3 Cir. 3/6/96), 670 So.2d 783, writ denied, 96-718 (La.4/26/96), 672 So.2d 908 (citing Mai v. Blair, 634 So.2d 1202 (La.App. 3 Cir. 1993)); David v. David, 14-657 (La.App. 3 Cir. 12/23/14), - So.3d -.
Thus, I am of the opinion that we cannot increase the quantum award from that rendered in the trial court’s judgments against Mayhair and Shelter Mutual or Mayhair and State Farm.
We can and should, however, reduce the award against Mayhair and Shelter Mutual under the manifest error rale. Mayhair and Shelter Mutual did assign as specific error the trial court’s $15,000.00 judgments to Edwards and Wardsworth, respectively, against them. As previously indicated, the trial judge made no factual findings as to the nature and extent of the injuries allegedly suffered by Edwards and Wardsworth, and no analysis of the medical evidence. Since he apparently set the general damage award based on insurance policy limits, we are unable to accord deference to such a ruling.
Likewise, as indicated, the minor impact collision caused only relatively minor injuries to these two brothers, both of whom were impeached at trial after denying previous injuries. I would reduce the general damage award to $7,500.00 each to Edwards and Wardsworth, plus medical bills awarded in the original judgment, the highest award supported by the evidence in this case, in my opinion. See Lewis v. Progressive Paloverde Ins. Co., 13-617 (La.App. 3 Cir. 11/6/13), 125 So.3d 581 (general damage award amended to reduce from $15,000.00 to $7,500.00); Johnson v. State Farm Ins. Co., 09-667 (La.App. 3 Cir. 12/9/09), 27 So.3d 307 (general damage award amended to reduce from $5,000.00 to $2,000.00); Burrell v. Williams, 05-1625 (La.App. 1 Cir. 6/9/06), 938 So.2d 694 (general damage award of $10,000.00 not an abuse of discretion); Williams v. Roberts, 05-852 (La.App. 5 Cir. 4/11/06), 930 So.2d 121 (general damage award amended to reduce from $14,000.00 to $7,500); Alexander v. Dominick, 533 So.2d 77 (La.App. 3 Cir.1989) (general damage award amended to reduce from $14,900.00 to $7,500.00), writ denied, 536 So.2d 1218 (La.1989).
According to the evidence, the special damages for medical bills amount to $3,006.54 for Edwards and $3,938.59 for Wardsworth. The only judgment left standing on the issue of medical specials is the judgment against Mayhair and State Farm in the amount of $1,503.27 to Edwards and $1,963.30 to Wardsworth. Adding the $7,500.00 general damage award to each, I would award a total of $9,003.27 to Tiras Edwards and a total of $9,463.30 to Kevin Wardsworth against Mayhair and Shelter Mutual. The judgment against Mayhair and State Farm for $1,503.27 to Edwards and $1,963.30 to Wardsworth should, therefore, be reversed, as the Shelter Mutual policy limits are sufficient to pay the entire judgments.
I would award legal interest plus all trial court costs against Mayhair and Shelter Mutual and I would assess all costs on *967 appeal to Tiras Edwards and Kevin Wardsworth equally.