COREY LAMARTINIERE

VERSUS

BOISE CASCADE

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 2
PARISH OF RAPIDES, NO. 15-05273
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

**********

**MARC T. AMY**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and Phyllis M. Keaty, Judges.

**JUDGMENT AFFIRMED. ANSWER TO APPEAL DENIED.**

**THIBODEAUX, Chief Judge, specially concurs and assigns written reasons.**

Eugene A. Ledet, Jr.
Brian Caubarreaux & Associates
4501 Jackson Street Ext., Suite A
Alexandria, LA 71303
(318) 442-0900
COUNSEL FOR PLAINTIFF/APPELLANT:
     Corey Lamartiniere

Charles W. Farr
1966 N. Highway 190, Suite B
Covington, LA 70433
(985) 626-3812
COUNSEL FOR DEFENDANT/APPELLEE:
     Boise Cascade Company

**AMY, Judge.**

The claimant sustained a work-related injury, and filed a disputed claim form after the employer terminated temporary total disability benefits (TTD benefits). A panel of this court ultimately determined that, although entitled to receive TTD benefits through the date of the workers' compensation hearing, the claimant failed to prove that he was entitled to TTD or supplemental earnings benefits (SEB benefits) thereafter. The claimant subsequently brought the present matter and again sought the reinstatement of indemnity benefits. The employer filed an exception of res judicata in light of this court's earlier decision. The workers' compensation judge maintained the exception of res judicata, but denied the employer's request for the imposition of sanctions pursuant to La.Code Civ.P. art. 863. The claimant appeals. For the following reasons, we affirm the ruling. We further deny the employer's answer to the appeal wherein it renews the request for sanctions.

### Factual and Procedural Background

The record in this case reveals that the claimant, Corey Lamartiniere, alleged that he sustained injury in a 2007 work-related accident while employed by Boise Cascade. Since this appeal involves an exception of res judicata, reference to the procedural background of the prior proceedings is necessary.

As previously reported, the employer initially provided compensation benefits to the claimant, but terminated those benefits due to an alleged violation of La.R.S. 23:1208.[1] *See Lamartiniere v. Boise Cascade Corp.*, 13-1075 (La.App. 3

---

[1] Louisiana Revised Statutes 23:1208(A) indicates that "[i]t shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or

Cir. 4/9/14), 137 So.3d 119. Following a hearing, the workers' compensation judge rejected the La.R.S. 23:1208 claim, but reinstated TTD benefits and medical care from the date of termination. *Id.* On review, a panel of this court found manifest error in the workers' compensation judge's reinstatement of TTD benefits and reversed that aspect of the ruling awarding TTD benefits beyond the date of the May 16, 2013 workers' compensation hearing.[2] *Id.*

Thereafter, the Louisiana Supreme Court granted the claimant's writ application in part, finding that the appellate panel erred in not considering the claimant's assertion in brief that he was alternatively entitled to supplemental earnings benefits. *See Lamartiniere v. Boise Cascade Corp.*, 14-1195 (La. 10/24/14), 149 So.3d 1234. The matter was remanded for consideration of whether the record was sufficiently developed to support a finding regarding entitlement to SEB benefits. *Id.* In all other respects, the supreme court denied the writ application. *Id.*

On remand, the panel determined that the record was, in fact, sufficiently developed for consideration of the indemnity benefits issue. *See Lamartiniere v. Boise Cascade Corp.*, 13-1075 (La.App. 3 Cir. 12/17/14), 154 So.3d 814. However, the panel noted that the claimant offered no testimony at trial as to his level of pain or ability/inability to work at that time. *Id.* It therefore concluded that the claimant had failed to meet his burden of proving entitlement to SEB benefits after the date of the hearing. *Id. See* La.R.S. 23:1221(3). The supreme

---

representation." The provision thereafter sets forth various penalties for such a false statement or representation, including forfeiture of benefits. *See* La.R.S. 23:1208(C), (D), and (E).

[2] Observing that "Boise ha[d] not technically challenged the portion of the judgment reinstating Claimant's right to recover TTD's between the date they were terminated, December 20, 2011, and the date of trial[,]" the panel left that portion of the ruling undisturbed. *Id.* at 127.

court subsequently denied the claimant's writ application. *See Lamartiniere v. Boise Cascade Corp.*, 15-0131 (La. 4/10/15), 163 So.3d 813.

Subsequently, in August 2015, the claimant instituted this matter by filing a claim form indicating simply that the employer had not paid wage benefits nor authorized medical treatment. He listed various injuries stemming from the 2007 accident date. No further detail regarding this initial claim is contained in the record before the court. In response, the employer filed an exception of res judicata accompanied by a motion for sanctions pursuant to La.Code Civ.P. art. 863. In its accompanying memorandum, the employer cited the previous appellate ruling denying continued benefits in support of its contention that the claimant's claim for "weekly disability benefits" was precluded by res judicata as the judgments of this court "denying his claims for TTD and SEB are valid and became final when the Supreme Court denied Lamartiniere's writ application on April 10, 2015." Given this allegedly preclusive effect, the employer asserted, sanctions for filing a claim without a legal or factual basis required an award of costs and attorney's fees. By separate filing, the employer filed an exception of prematurity, arguing that the claimant's request for medical treatment was premature as it "had not received any requests for treatment since the May 16, 2013 trial."

Following an October 12, 2015 hearing, the workers' compensation judge sustained the exception of res judicata and denied the employer's motion for sanctions. The workers' compensation judge additionally granted the exception of prematurity, dismissing the claimant's pending claim for medical benefits, but

4

reserving the claimant's "right to pursue any claim he may have for future medical benefits."[3]

The claimant appeals, presenting the following issues for review:

1) Whether the workers['] compensation judge committed legal error in granting the exception of res judicata prior to trial, effectively denying Mr. Lamartiniere from exercising his statutory right to put on evidence to show entitlement to indemnity benefits on the grounds of a change in condition and disability.

2) Whether the workers['] compensation judge committed legal error in his interpretation of La.R.S. 23:1310.8, whereby the Court concluded claimant's entitlement to indemnity benefits was barred in perpetuity because of the previous judgment terminating indemnity benefits.

The employer answers the appeal, asserting that the workers' compensation judge erred in denying its motion for sanctions.

## Discussion

*Res Judicata*

At the hearing, the employer continued to argue that the preceding judgment of this court, in which continued indemnity benefits were denied, precluded the claimant's present claim. However, the claimant asserted, as he does on appeal, that the judgment did not prohibit him from demonstrating entitlement to indemnity benefits due to a change in circumstances prospectively from the date of the May 16, 2013 hearing. In restating his argument prior to the trial court's ruling, the claimant's attorney stated that:

> I'm not suggesting to the Court that there is not a res judicata effect on any benefits that he would have received from May 13, 2013 in the past. What I'm suggesting to the Court is, his physical condition may change thereafter following the date of trial. If his physical condition changes such that he cannot earn 90 percent of his pre-accident wage, then I feel he can make another claim for benefits.

---

[3] Thus, the sustaining of the exception of prematurity is not at issue in this appeal.

After argument, the trial court sustained the exception and explained, in part, that:

> Mr. Lamartiniere's made a claim - - well, the Supreme Court remanded to the Third Circuit to review the SEB supplemental earning benefit claim because you argued - - you represented him in his appeal with the Third Circuit. I believe you argued that he's entitled to those benefits and the Third Circuit didn't address it. The Supreme Court remanded and said, "Now address it." So, SEB is prospective benefits. And it was - - his claim was denied. That's a final judgment on his right to seek supplemental earning benefits. It's a harsh law, but it's the law. And based upon the denial of benefits - - supplemental earning benefits by the Third Circuit, the denial of writs, that's a final judgment and I believe that [La.R.S. 23:]1310.8(E) indicates it's res judicata. Harsh results, Mr. Lamartiniere, but either way all of us are bound by the law. . . . So, the exception of res judicata is sustained on the basis of [23:]1310.8(E) in the previous Court's decisions denying benefits, indemnity, disability benefits to Mr. Lamartiniere.

When evidence is introduced by the parties in support of an exception of res judicata, an appellate court reviews the matter pursuant to the manifest error standard of review. *Haybeych v. JPMorgan Chase Bank, N.A.*, 15-90 (La.App. 3 Cir. 11/4/15), 180 So.3d 491. However, in the event "the trial court does not make any factual determinations, but rather the issue is whether a prior judgment bars an action, '[t]he res judicata effect of a prior judgment is a question of law that is reviewed de novo.'" *Id.* at 494 (quoting *Fogleman v. Meaux Surface Prot., Inc.*, 10-1210, p. 2 (La.App. 3 Cir. 3/9/11), 58 So.3d 1057, 1059, *writ denied*, 11-712 (La. 5/27/11), 63 So.3d 995). In this case, we conclude that the trial court's ruling was one of law as it did not make factual findings. Although the employer introduced exhibits in support of its exception, those exhibits consisted entirely of

6

the pertinent court rulings.[4] Thus, we have considered this matter pursuant to a de novo standard of review. Having done so, we maintain the trial court's ruling.

Provided by La.R.S. 13:4231, res judicata is comprised of the following elements:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

---

[4] The employer introduced the exhibits that were attached to its memorandum in support of the exception as follows: 1) the workers' compensation judgment resulting from the May 16, 2013 hearing; 2) *Lamartiniere,* 137 So.3d 119 (the initial appellate opinion rendered April 9, 2014 in which a panel of this court did not consider the claimant's entitlement to continued, SEB benefits); 3) *Lamartiniere,* 149 So.3d 1234 (the per curiam of October 24, 2014 in which the supreme court granted the claimant's writ application in part and remanded the matter for consideration of whether the record was sufficiently developed to determine the claimant's eligibility for SEB benefits); 4) *Lamartiniere*, 154 So.3d 814 (the December 17, 2014 appellate opinion rendered on remand and in which the panel determined that the claimant failed to prove entitlement to SEB benefits beyond the May 16, 2013 hearing date); and 5) *Lamartiniere*, 163 So.3d 813 (the April 10, 2015 ruling in which the supreme court denied the claimant's writ application from *Lamartiniere*, 154 So.3d 814).

Additionally, and while the claimant attached three exhibits to its memorandum in opposition to the exception of res judicata, which he filed immediately after the employer raised the exception in its answer, the claimant neither introduced those exhibits at the hearing nor requested that he be allowed to introduce those as a proffer. The exhibits were comprised of: 1) June 11, 2015 correspondence from claimant's counsel to the employer's counsel in which he references a letter from the claimant's psychologist and neurosurgeon and in which he makes demand for re-initiation of benefits "back to the previous trial date" (although the referenced letters were not included); 2) June 26, 2015 correspondence from the employer's counsel to claimant's counsel and in which the employer stated that it would not re-initiate benefits as the judgment "ha[d] been fully satisfied[.]"; and 3) and an excerpt from this court's ruling in *Lamartiniere*, 154 So.3d 814.

However, as for workers' compensation matters, La.R.S. 23:1310.8(A)(1) provides that "[t]he power and jurisdiction of the workers' compensation judge over each case shall be continuing and he may, upon application by a party and after a contradictory hearing, make such modifications or changes with respect to former findings or orders relating thereto if, in his opinion, it may be justified[.]" Pertinent to the claimant's argument that he seeks to establish that indemnity benefits are owed due to a change in circumstances, La.R.S. 23:1310.8(B) further instructs that:

> Upon the motion of any party in interest, on the ground of a change in conditions, the workers' compensation judge may, after a contradictory hearing, review any award, and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in the Workers' Compensation Act, and shall state his conclusions of fact and rulings of law, and the director shall immediately send to the parties a copy of the award.

Yet, the legislature enacted La.R.S. 23:1310.8(E) in 1999,[5] which now specifically states that: "A judgment denying benefits is res judicata after the claimant has exhausted his rights of appeal."

In this case, and as the claimant points out, the underlying appellate judgment affirmed the award of TTD benefits until the time of the May 16, 2013 hearing, albeit upon recognition that the employer had not appealed from that award. *See Lamartiniere*, 137 So.3d 119. However, and as the employer

---

[5] The supreme court has previously observed that the law that was in effect the time of a compensable injury is the applicable law in a workers' compensation matter. *See Frith v. Riverwood, Inc.*, 04-1086 (La. 1/19/05), 892 So.2d 7. Thus, jurisprudence indicates that Paragraph E of La.R.S. 23:1310.8 is applicable only to cases where the work-related injury occurred after its 1999 enactment. *See, e.g., Boudreaux v. L.D. Brinkman & Co., Inc.*, 02-31 (La.App. 5 Cir. 5/29/02), 820 So.2d 1118; *Williams v. BET Constr., Inc.*, 00-1765 (La.App. 1 Cir. 11/9/01), 818 So.2d 21. As the subject injury occurred in 2007, Paragraph E, along with related jurisprudence, is applicable. *But see, e.g., Jeanise v. Cannon*, 04-1049 (La.App. 3 Cir. 2/23/05), 895 So.2d 651 (a case urged to be applicable by the claimant, but which involved a pre-amendment accident).

8

conversely notes, a panel of this court denied further benefits. *See Lamartiniere*, 154 So.3d 814. It did so upon consideration of the record by instruction of the supreme court. *Id.* That ruling is now final as the supreme court denied the claimant's writ application in April 2015. *See Lamartiniere*, 163 So.3d 813. Thus, the parties question how the underlying ruling as to indemnity benefits should be viewed in light of La.R.S. 23:1031.8. Restated, the question before the court is whether it is subject to modification via application of Paragraph B or whether the issue of indemnity benefits is res judicata via application of Paragraph E.

Certainly, an application to modify an existing award of indemnity benefits has been found to fit within the parameters of La.R.S. 23:1310.8. *See, e.g., Olivier v. Olivier Builders*, 15-217 (La.App. 3 Cir. 11/18/15), 180 So.3d 540, *writ denied*, 16-0250 (La. 4/8/16), _ So.3d _ (A case in which a panel of this court rejected the claimant's contention that the employer's request to modify a previous award of TTD benefits constituted res judicata. The panel instead found no error in the trial court's determination that a modification was required per La.R.S. 23:1310.8(B) as the employer adequately demonstrated that the claimant was capable of returning to light duty work.). However, the situation in this case differs. Louisiana Revised Statutes 23:1310.8(B) permits a modification of a prior compensation "award" by "ending, diminishing, or increasing" such awards. In this case, the now-final appellate judgment denied an award of SEB benefits after the May 16, 2013 hearing. *See Lamartiniere*, 154 So.3d 814.[6] Following the finality of that

---

[6] This court's judgment on remand did so with the following language:

> Given our previous finding that claimant offered no testimony at trial "regarding his current level of pain or his current ability/inability to work," we now conclude that he necessarily failed to meet "his entitlement to SEBs due to a disability that prevents him from earning at least ninety percent of his pre-injury wages." [*Lamartiniere*, 137 So.3d] at 126-27. Thus, claimant's request that he be awarded

judgment, there was no continuing "award" that could be ended, diminished, or increased under La.R.S. 23:1310.8(B). Even jurisprudence pre-dating the 1999 enactment of Paragraph E indicates that a prior award of compensation is required for application of La.R.S. 23:1310.8(B). *See, e.g., Matthews v. Farley Indus.*, 95-1387, 95-1796 (La. 2/28/96), 668 So.2d 1144.

Finally, we find no merit in the claimant's contention that the judgments of this court must be viewed as having been applicable only until the time of the May 16, 2013 hearing. Rather, this court specifically determined whether the claimant demonstrated entitlement to disability benefits *after* the date of trial. Accordingly, the trial court correctly observed that, in the context of the supreme court remand, "SEB is prospective benefits. And it was - - his claim was denied."

For this reason, we find no error in the trial court's sustaining of the exception of res judicata upon application of La.R.S. 23:1310.8(E).

*Answer*

Answering the appeal, Boise Cascade suggests that the workers' compensation judge erred in denying its request for sanctions pursuant to La.Code Civ.P. art. 863, which provides, in part, that:

> A. Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading and state his address.
>
> B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading, and that to the best of his knowledge,

---

SEBs in lieu of our finding that he was not entitled to TTDs beyond the date of trial is denied.

**CLAIMANT'S REQUEST FOR SUPPLEMENTAL EARNINGS BENEFITS DENIED.**

information, and belief formed after reasonable inquiry, he certifies all of the following:

(1) The pleading is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

(2) Each claim, defense, or other legal assertion in the pleading is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law.
(3) Each allegation or other factual assertion in the pleading has evidentiary support or, for a specifically identified allegation or factual assertion, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(4) Each denial in the pleading of a factual assertion is warranted by the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief.

In the event the trial court finds that a certification has been made contrary to La.Code Civ.P. art. 863(B), an appropriate sanction "may include an order to pay to the other party the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees." La.Code Civ.P. art. 863(D).

On review, an appellate court considers a trial court's decision regarding an award of sanctions under La.Code Civ.P. art. 863 pursuant to the manifest error standard. *Blanchet v. Boudreaux*, 15-60 (La.App. 3 Cir. 8/19/15), 175 So.3d 460, *writ denied*, 15-2156 (La. 1/25/16), 185 So.3d 749. In the event that the trial court imposes sanctions, the appellate court reviews the "type and amount of sanctions" for abuse of discretion. *Id.* at 462.

After review, we find no manifest error in the trial court's denial of sanctions. The employer suggests that the claimant's petition is frivolous in nature given the clarity of La.R.S. 23:1310.8(E) and this court's previous denial of continued benefits. Certainly, Paragraph E is direct in its statement that "[a]

11

judgment denying benefits is res judicata." However, we find that the record supports a conclusion that the argument regarding the applicability of the statute to this judgment is not baseless as the judgment included at least an initial award of benefits. In fact, the jurisprudence interpreting La.R.S. 23:1310.8(E) has not yet addressed the applicability to such an underlying judgment. Accordingly, we find that the employer's answer is without merit.

## DECREE

For the foregoing reasons, the ruling of the workers' compensation judge is affirmed. Boise Cascade's request for sanctions pursuant to La.Code Civ.P. art. 863 is denied. Costs of this proceeding are assessed equally to the claimant, Corey Lamartiniere, and the employer, Boise Cascade.

**JUDGMENT AFFIRMED. ANSWER TO APPEAL DENIED.**

COREY LAMARTINIERE

VERSUS

BOISE CASCADE


**THIBODEAUX, Chief Judge, specially concurring.**


I agree with the ratio decidendi and conclusion of this opinion. I write separately and additionally to express my view that the res judicata effects of La.R.S. 13:4231 are limited solely to the consideration of SEB benefits. If a request had been made for a consideration of a change in conditions based upon the modification of TTD benefits, my analysis would be different. That is, La.R.S. 23:1310.8(B) would permit a consideration of those benefits as I think that the TTD benefits, though ending on May 16, 2013, was nonetheless "an award" within the contemplation of La.R.S. 23:1310.8(B).