LABORDE, Judge.
.On May 25,1979, Louis C. Lasseigne filed a petition to perpetuate the testimony of Anne Bernard Lasseigne. The petition alleges that Anne Bernard Lasseigne, Louis C. Lasseigne’s mother, disposed of certain immovable property in violation of his legi-time. Named as expected adverse parties are Elsie Lasseigne Hebert, Lorraine Lass-eigne Alvarez, and Lucille M. Lasseigne, sisters of Louis C. Lasseigne.
Anne Bernard Lasseigne answered the petition requesting the court to reject plaintiff’s demands. Following a hearing held on July 27, 1979 the court rendered judgment in favor of plaintiff authorizing the taking of Anne Bernard Lasseigne’s deposition. From this judgment, Anne Lasseigne perfected a suspensive appeal to this court.
Appellant contends that petitioner is seeking a perpetuation of testimony for the purpose of proving that the conveyance of the immovable property by appellant was a simulated sale. Appellant contends that since a simulated sale may be attacked at any time by any person of interest plaintiff has not complied with the requirements of C.C.P. Art. 1429.
C.C.P. Art. J.429 states:
“A person who desires to perpetuate his own testimony or that of another person regarding any matter that may be cognizable in any court of this state may file a verified petition in a court in which the anticipated action might be brought. The petition shall be entitled in the name of the petitioner and shall show:
*953 (1) That the petitioner expects to be a party to an action cognizable in a court of this state but is presently unable to bring it or cause it to be brought.
(2) The subject matter of the expected action and his interest therein.
(3) The facts which he desires to establish by the proposed testimony and his reasons for desiring to perpetuate it.
(4) The names or a description of the persons he expects will be adverse parties and their addresses so far as known.
(5) The names and addresses of the persons to be examined and the substance of the testimony which he expects to elicit from each, and shall ask .for an order authorizing the petitioner to take the depositions of the persons to be examined named in the petition, for the purpose of perpetuating their testimony.”
In the Matter of Vermilion Parish School Board, 357 So.2d 1295 (La.App., 3rd Cir., 1978), this court stated:
“ . . . The source of our present Art. 1429 is Federal Rule 27(a)(1). Its provisions are almost verbatim with ours. The Federal courts have generally agreed that Rule 27 is not to be used for the purpose of fishing for some ground for bringing suit. Its primary purpose is to preserve testimony that might otherwise be lost to a prospective litigant.”
The first requirement of Art. 1429 is that the petitioner show that the petitioner expects to be a party to an action cognizable in a court of this state but is presently unable to bring it or cause it to be brought.
In the present case, petitioner alleges that the conveyance of the immovable property by Anne Lasseigne was a simulated sale and impinges his legitime. The petition goes on to add that he is unable to bring suit because, until Anne Lasseigne’s succession is opened, it cannot be proven that the conveyance constitutes an impingement of petitioner’s legitime. Appellant’s contention that plaintiff has not satisfied the first requirement of C.C.P. Art. 1429 is without merit.
An examination of the petition for the perpetuation of testimony reveals that petitioner has complied with the requirements of C.C.P. Art. 1429. Plaintiff’s petition sets forth the subject matter of the expected action, an action to enforce petitioner’s legi-time. The petition sets forth the names and addresses of the expected adverse parties. The petition sets forth the name and address of the person to be examined and the substance of testimony which petitioner expects to elicit. The petition sets forth the reasons for perpetuation of testimony, to establish whether or not the conveyance was a simulated sale, a donation to the named adverse parties.
C.C.P. Art. 1431 states:
“If the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice, it shall make an order designating or describing the persons whose depositions may be taken and specifying the subject matter of the examination and whether the depositions shall be taken upon oral examination or written interrogatories. The depositions may .then be taken in accordance with this Chapter; and the court may make orders of the character provided for by Articles 1461 through 1465. For the purpose of applying the provisions of this Chapter to depositions for perpetuating testimony, each reference therein to the court in which the action is pending shall be deemed to refer to the court in which the petition for such deposition was filed.”
In the present case, petitioner seeks to perpetuate the testimony of Anne Lass-eigne. Petitioner seeks testimony to establish that the conveyance of property to his sisters is a simulated sale. If the conveyance was a donation, plaintiff is concerned that it may impinge his legitime. However, assuming that the conveyance was a donation, whether' the conveyance will impinge his legitime will not be determinable until after Anne Lasseigne’s demise. The perpetuation of Anne Lasseigne’s testimony may prevent a failure of justice.
In the alternative, appellant contends that the order granting perpetuation *954 of Anne Lasseigne’s testimony should be limited so as to permit written interrogatories only. However, C.C.P. Art. 1431 provides that the court shall specify in its order whether the depositions shall be taken upon oral examination or written interrogatories. The article allows the court discretion in the manner of the nature of the deposition. Although Anne Lasseigne is an elderly lady, the court’s order allowing oral examination was not an abuse of the court’s discretion.
The trial judge commented that this case “strikes me as a classic situation for the application of the rules of the Code of Civil Procedure for the perpetuation of testimony.” We agree.
For the above and foregoing reasons, the judgment of the trial court is affirmed.

AFFIRMED.