# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## 15-90

ALFONSO HAYBEYCH

VERSUS

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
AND ASSET LIQUIDATORS AND MANAGEMENT, INC.

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2014-2345 DIV. "K"
HONORABLE PATRICK L. MICHOT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

JAMES T. GENOVESE
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of James T. Genovese, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

REVERSED IN PART;
AFFIRMED IN PART AS AMENDED;
AFFIRMED IN PART;
AND REMANDED.

Joseph L. Lemoine, Jr.
Lemoine & Associates
1018 Harding Street, Suite 102 B
Lafayette, Louisiana 70503
(337) 232-5001
COUNSEL FOR PLAINTIFF/APPELLANT:
    Alfonso Haybeych

**Michael D. Ferachi**
**Jonathan G. Wilbourn**
**Kimberly Higginbotham Lorio**
**McGlinchey Stafford, PLLC**
**301 Main Street, Fourteenth Floor**
**Baton Rouge, Louisiana 70801**
**(225) 383-9000**
**COUNSEL FOR  DEFENDANT/APPELLEE:**
       **JPMorgan Chase Bank, N.A.**

**Michael P. Bienvenu**
**Kinchen, Walker, Bienvenu, Bargas, Reed & Helm, L.L.C.**
**9456 Jefferson Highway**
**Building III, Suite F**
**Baton Rouge, Louisiana 70809**
**(225) 292-6704**
**COUNSEL FOR DEFENDANT/APPELLEE:**
       **Asset Liquidators and Management, Inc. d/b/a ALM Realty**

**GENOVESE, Judge.**

Plaintiff, Alfonso Haybeych, appeals the trial court's judgment granting an exception of res judicata in favor of Defendant, JPMorgan Chase Bank, N.A. (Chase), and the trial court's judgment granting exceptions of no cause of action and prescription in favor of Defendant, Asset Liquidators and Management, Inc. (ALM), thereby dismissing Mr. Haybeych's claims against these Defendants. For the following reasons, we reverse in part, affirm in part as amended, affirm in part, and remand.

## FACTS AND PROCEDURAL HISTORY

Mr. Haybeych filed a Petition to Perpetuate Testimony on April 22, 2013, seeking to take the corporate deposition of Chase. Therein, he contended that he submitted a bid on property located in Lafayette, Louisiana, that had been listed for sale by Chase. Mr. Haybeych asserted that Chase agreed to sell the property provided he obtain the financing from Chase and that the parties agreed to a closing date. Allegedly, prior to closing, Chase cancelled the contract and relisted the property for sale. Thereafter, according to Mr. Haybeych, Chase sold the property for a price less than what he had contracted to pay Chase. According to Mr. Haybeych's petition, despite his efforts, he was unable to obtain information from Chase as to the Chase personnel involved in the transactions and Chase's reasons for cancelling the sale.

In response to Mr. Haybeych's efforts to take its corporate deposition, Chase filed exceptions of no cause of action and no right of action. Following a hearing, the trial court denied Mr. Haybeych's Petition to Perpetuate Testimony, granted Chase's exception of no cause of action relative to the petition, and found Chase's exception of no right of action moot. The trial court signed a concomitant

judgment on July 8, 2013, ordering that Mr. Haybeych's Petition to Perpetuate Testimony be dismissed with prejudice.

On May 6, 2014, Mr. Haybeych filed a Petition, naming as defendants Chase and ALM,[1] wherein he sought damages and attorney fees based upon the sale of the same property that was the subject of Mr. Haybeych's earlier Petition to Perpetuate Testimony. In response, Chase filed an exception of res judicata, and ALM filed an exception of no cause of action and an exception of prescription. Following a hearing on September 8, 2014, the trial court granted the three exceptions. A judgment granting Chase's exception of res judicata was signed September 15, 2014, and a judgment granting ALM's exceptions of no cause of action and prescription was signed on October 6, 2014. At the request of Mr. Haybeych, the trial court issued Reasons for Ruling on the three exceptions on October 6, 2014. Mr. Haybeych appeals the September 15, 2014 and the October 6, 2014 judgments of the trial court.

## ASSIGNMENTS OF ERROR

Mr. Haybeych presents the following assignments of error for our review:

**ASSIGNMENT OF ERROR #1**

> The district court committed legal error in dismissing Chase's exception of *res judicata* on the grounds that Haybeych's previous Petition for Perpetuation, under La.[Code Civ.P. art.] 1429 (for Chase to give a "deposition"), constituted an "action" arising out of the same "transaction and occurrence[,"] therefore gave rise to a *res judicata* bar.

**ASSIGNMENT OF ERROR #2**

> The district court committed legal error in granting ALM's exception of *no cause of action* on grounds that Haybeych's [P]etition did not recite that ALM was the "owner" of the property,

---

[1]ALM is a real estate agent/broker that is named by Mr. Haybeych in its own capacity and is also alleged to have been the "agent" of Chase.

2

did not recite the "form" of the alleged contract, did "not state any facts that establish the existence of a contract between Haybeych and ALM Realty[,]" and [that] the "only contract that [it] alleges is between Haybeych and Chase[,"] all of which is clearly based on [an] incorrect reading of the allegations of Haybeych's Petition[. . . .] [I]n his Petition[,] Haybeych clearly alleged Chase "and/or" ALM made him an offer, [and] he accepted, which formed a contract with either or both, which either or both then breached.

## ASSIGNMENT OF ERROR #3

The district court committed legal error in granting ALM's exception of *prescription* on [the] grounds that (in the district court's opinion) Haybeych failed to state a cause of action against ALM (erroneously see Assignment of Error #2), any cause of action that he might have stated was in tort, therefore prescribed by the one-year liberative prescription applicable to tort claims.

## ASSIGNMENT OF ERROR #4

The district court committed legal error in failing to consider that under La.[Civ.Code art.] 3019 theory (an agent that exceeds the authority of his principal may become personally bound to fulfill the contract) because "these claims are not included in his [P]etition and will not be considered[;"] under La.[Code Civ.P. art.] 862 Haybeych is not required to recite any "theory of the case[."]

## LAW AND DISCUSSION

*Chase's Exception of Res Judicata*

The parties dispute the appropriate standard of review to be applied in this case. When evidence is introduced by the parties in support of an exception of res judicata, the appropriate standard of appellate review is manifest error. *Fogleman v. Meaux Surface Prot., Inc.*, 10-1210 (La.App. 3 Cir. 3/9/11), 58 So.3d 1057, *writ denied*, 11-712 (La. 5/27/11), 63 So.3d 995. However, when, as in the present case, the trial court does not make any factual determinations, but rather the issue is whether a prior judgment bars an action, "[t]he res judicata effect of a prior judgment is a question of law that is reviewed de novo." *Id.* at 1059 (quoting *Morales v. Parish of Jefferson*, 10-273, p. 6 (La.App. 5 Cir. 11/9/10), 54 So.3d

3

669, 672). Therefore, we must determine whether the trial court was legally correct in ruling that Mr. Haybeych's Petition to Perpetuate Testimony bars the present action under the doctrine of res judicata.

Mr. Haybeych argues on appeal that the trial court erred in finding that his Petition to Perpetuate Testimony barred the current litigation on the grounds of res judicata. The doctrine of res judicata is set forth in La.R.S. 13:4231, which provides as follows:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

In this case, the fact that both Mr. Haybeych and Chase are parties in both pleadings which were filed, the fact that the same underlying facts are found in both pleadings, and the fact that the prior judgment is a final judgment are undisputed. However, Mr. Haybeych argues that the error of the trial court arises from its conclusion that "the two 'actions' arose out of the same 'transaction and occurrence[;'] therefore[,] the first constitute[s] a bar to the second."

The trial court stated the following in its written reasons:

4

> This [c]ourt finds that the current action filed by [Mr.] Haybeych against Chase arises from the same transaction and occurrence as in the action originally filed by [Mr.] Haybeych. All causes of action existing at the time of the final judgment arising out of the transaction or occurrence that is the subject of the litigation are extinguished[,] and the judgment bars this subsequent action on those causes of action.

Mr. Haybeych argues that the prior Petition to Perpetuate Testimony is not an "action" pursuant to La.R.S. 13:4231.

Mr. Haybeych's Petition to Perpetuate Testimony was filed in accordance with Louisiana Code of Civil Procedure Article 1429 which provides as follows:

> A person who desires to perpetuate his own testimony or that of another person regarding any matter that may be cognizable in any court of this state may file a verified petition in a court in which the anticipated action might be brought. The petition shall be entitled in the name of the petitioner and shall show:
>
> (1) That the petitioner expects to be a party to an action cognizable in a court of this state but is presently unable to bring it or cause it to be brought.
>
> (2) The subject matter of the expected action and his interest therein.
>
> (3) The facts which he desires to establish by the proposed testimony and his reasons for desiring to perpetuate it.
>
> (4) The names or a description of the persons he expects will be adverse parties and their addresses so far as known.
>
> (5) The names and addresses of the persons to be examined and the substance of the testimony which he expects to elicit from each, and shall ask for an order authorizing the petitioner to take the depositions of the persons to be examined named in the petition, for the purpose of perpetuating their testimony.

In distinguishing an action or lawsuit from the nature of a petition filed in accordance with La.Code Civ.P. art. 1429, Mr. Haybeych argues:

> A petition to perpetuate testimony, under La.[Code Civ.P. art.] 1429, is not a law suit [sic], for relief on the merits, but merely an *evidentiary device*, designed to *preserve* evidence [. . .] so that the evidence will be available, for presentation in a law suit [sic] that is

5

anticipated to be filed later. Stated another way, it is not itself a suit, but merely an evidentiary device filed in "preparation" for a possible (anticipated, but not yet filed[)] litigation[].

Notably, La.Code Civ.P. art. 1429 appears within chapter three of the Louisiana Code of Civil Procedure governing discovery, and under section two thereof, which addresses depositions and general dispositions. The express language of La.Code Civ.P. art. 1429 (emphasis added) instructs us on the filing of a petition "in a court in which *the anticipated action* might be brought" and contains the words "*expects*" and "*expected*" when referring to the action and the parties. As noted by Mr. Haybeych, "[i]t would be clearly contrary to the purpose of La.[Code Civ.P. art.] 1429 for an attempt to preserve evidence *for* an anticipated suit to be deemed to constitute a bar to the very suit it anticipates."

The limited purpose of a petition for the perpetuation of testimony, evidentiary in nature, is also reflected by the contents of the pleading itself, both in the nature of the allegations and the relief sought. Specifically, Mr. Haybeych's Petition to Perpetuate Testimony alleged that he "anticipates litigation against Chase Bank and others" and averred that "it is necessary that Petitioner obtain an order from this Court ordering Chase Bank to show cause why its corporate deposition [should] not be taken in order to allow Petitioner to obtain the relevant documents and the names and addresses of the persons who were involved in the transaction." These allegations expressly aver an anticipated litigation, and Mr. Haybeych's sought-after relief was limited to "an order ruling Chase Bank into Court to show cause why Petitioner should not take its Corporate Deposition to Perpetuate Testimony . . . and after due proceedings order the taking of that deposition."

6

We agree with Mr. Haybeych that the Petition to Perpetuate Testimony was not an action or litigation as contemplated by La.R.S. 13:4231. The purpose of that pleading was limited in scope to include only the taking of the corporate deposition of Chase and nothing further. Mr. Haybeych further argues that the proceeding was not "'litigation' on the merits, no substantive relief, such as injunction, specific performance, damages or other 'redress' for a legal wrong" was sought. This conclusion is wholly supported by the placement of the article within the code and the express language of the article itself. To conclude otherwise would negate the provisions of La.Code Civ.P. art. 1429.

Mr. Haybeych cites *Gaines v. Bruscato*, 30,340 (La.App. 2 Cir. 4/8/98), 712 So.2d 552, *writ denied*, 98-1272 (La. 6/26/98), 719 So.2d 1059, which supports his position and our conclusions herein. In *Gaines*, the court found that a "supplemental and amending petition did not relate back to the filing of [a] petition for perpetuation of testimony and evidence, and therefore, the claim for damages [had] prescribed." *Id.* at 556. The second circuit began its analysis by examining the petition to perpetuate testimony and evidence and the provisions of La.Code Civ.P. art. 1429, and reasoned that "[a] petition for *pre-litigation* preservation of testimony under La.[Code Civ.P.] art. 1429 is an extraordinary *discovery method* to be used where resort to normal discovery is made impossible by the *absence of pending litigation*." *Id.* (emphasis added) (citing *Marine Shale Processors Inc. v. State, Through Dep't of Health & Hosps.*, 572 So.2d 280 (La.App. 1 Cir.1990)). Ultimately, the second circuit found that the petition to perpetuate testimony in the matter before it was deficient and did not interrupt the running of prescription. In reaching its conclusion, the court opined: "The statutory scheme for pre-litigation petitions to perpetuate testimony clearly envisions the use of this procedure *in the*

7

*absence of litigation*." *Id.* at 557. The court also noted that the relief sought was limited to the taking of a deposition and the preservation of evidence, and "[n]o demand for enforcement of a legal right was made in the petition[.]" *Id.* Although the second circuit in *Gaines* was considering the petition to perpetuate testimony and evidence as it related to an exception of prescription, the court went on to state that it did "*not find that the petition to perpetuate in any way disposed of the merits of the personal injury claim in this matter or that it would have been a res judicata bar to a timely assertion of a cause of action for damages.*" *Id.* at 559 (emphasis added).

This court has also discussed La.Code Civ.P. art. 1429 in *Lasseigne v. Perpetuate Testimony*, 381 So.2d 952 (La.App. 3 Cir. 1980). In *Lasseigne*, we recognized Fed. R. Civ. P. 27(a)(1) as the source of La.Code Civ.P. art. 1429 and opined that the "primary purpose is to preserve testimony that might otherwise be lost to a prospective litigant." *Id.* at 953 (quoting *In the Matter of Vermilion Parish Sch. Bd.,* 357 So2d 1295, 1297 (La.App. 3 Cir. 1978)). This court, in *Lasseigne*, went on to state that "[t]he first requirement" for a petition pursuant to La.Code Civ.P. art. 1429 "is that the petitioner show that the petitioner expects to be a party to an action cognizable in a court of this state but is presently unable to bring it or cause it to be brought." *Id.*; *In the Matter of Vermilion Parish Sch. Bd.*, 357 So.2d at 1297. The nature and purpose of a petition pursuant to La.Code Civ.P. art. 1429 is clearly for discovery and in anticipation of litigation.

For the reasons discussed above, we find that Mr. Haybeych's Petition to Perpetuate Testimony was not an action as contemplated by La.R.S. 13:4231. Therefore, the current action is not a "subsequent action" barred under the doctrine of res judicata. La.R.S. 13:4231(2). Therefore, we find legal error in the trial

court's ruling, and we reverse the judgment of the trial court granting the exception of res judicata in favor of Chase and dismissing the claims asserted by Mr. Haybeych against Chase.

In reaching our conclusion, we note that Chase, in its brief, sets forth considerable discussion attempting to convince this court that the trial court correctly held that the present lawsuit "asserts a cause of action which arises out of the transaction or occurrence that was the subject matter of the first action" for purposes of res judicata. However, Chase, like the trial court, overlooks the threshold inquiry. Although Chase refers to Mr. Haybeych's filing of the Petition to Perpetuate Testimony as "the [f]irst lawsuit[,]" for the reasons discussed above, we do not find that it was an "action" triggering La.R.S. 13:4231. Therefore, we need not discuss the remaining res judicata requirements of the same parties, the same underlying transaction and occurrence, and the finality of the judgment.

*ALM's Exception of No Cause of Action*

In his second assignment of error, Mr. Haybeych contends that the trial court erred in granting ALM's exception of no cause of action. He argues that in so concluding, the trial court "misread" his Petition.

This court has summarized the law on an exception of no cause of action in *Mason v. Luther*, 05-25, p. 2 (La.App. 3 Cir. 6/1/05), 903 So.2d 1145, 1148, as follows:

> The function of the peremptory exception of no cause of action is to question whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition. The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether the particular plaintiff is afforded a remedy in law based on the facts alleged in the pleading. The exception is triable on the face of the petition and, for the purpose of determining

9

the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. In reviewing a trial court's ruling sustaining an exception of no cause of action, the appellate court and this court should conduct a *de novo* review because the exception raises a question of law and the trial court's decision is based only on the sufficiency of the petition. Simply stated, a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. Every reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial.

*Industrial Cos., Inc. v. Durbin*, 02-665, pp. 6-7 (La.1/28/03), 837 So.2d 1207, 1213 (citations omitted).

Mr. Haybeych argues on appeal that his suit against ALM is based upon its formation and subsequent breach of contract. He admits that given the lack of information available to him, he was "put in the position of casting a broader net [than] he would like to have cast[;] however, his [P]etition sufficiently alleges that "ALM 'and/or' Chase, *one or both of them*, are the culprits in this matter."

In its Reasons for Ruling, the trial court quoted portions of Mr. Haybeych's Petition and concluded that "[t]he allegations of the [P]etition assert a claim for breach of contract, but do not state any facts that establish the existence of a contract between [Mr.] Haybeych and ALM Realty, other than to allege that Chase was acting through its agent, ALM Realty." The trial court concluded that "[t]he only contract that is alleged is between [Mr.] Haybeych and Chase. This [c]ourt finds that [Mr. Haybeych]'s [P]etition does not establish the existence of a contract between ALM Realty and [Mr.] Haybeych." We agree.

Mr. Haybeych's Petition does allege that Chase acted through ALM as its agent. It also alleges, in the alternative, by its use of "and/or[,]" that ALM acted in

10

its own capacity with respect to placing the property for sale, and that there was there an offer, a counter-offer, the formation of a contract, and a breach thereof. However, as the trial court correctly noted, absent from the Petition is any allegation of ownership of the property. In order for Mr. Haybeych to assert a cause of action against ALM for breach of contract of the sale of the property, there must be a specific allegation in his Petition that ALM is the owner of the property. A review of the facts pled in the Petition reveals that the factual allegations are deficient and do not adequately state a cause of action for breach of contract. However, this does not end the inquiry.

Louisiana Code of Civil Procedure Article 934 allows for there to be an amendment to the petition, providing as follows:

> When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.

Because we find no error by the trial court in sustaining ALM's exception of no cause of action, we affirm that judgment, but amend it to allow Mr. Haybeych the opportunity to cure the deficiency by amending his Petition within thirty days of the issuance of this opinion in accordance with La.Code Civ.P. art. 934.

*ALM's Exception of Prescription*

In his third assignment of error, Mr. Haybeych argues that the trial court erred in granting ALM's exception of prescription stemming from the trial court's erroneous grant of ALM's exception of no cause of action. We agree, in part.

The judgment of the trial court contains the following:

11

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Peremptory Exception of Prescription filed on behalf of Asset Liquidators and Management, Inc. d/b/a/ ALM Realty be and is hereby **SUSTAINED** and that all claims asserted by [P]laintiff, Alphonso Haybeych, against [D]efendant, Asset Liquidators and Management, Inc. d/b/a ALM Realty, be and are hereby dismissed with prejudice at [P]laintiff's cost.

Additionally, in its Reasons for Ruling, the trial court stated:

This [c]ourt finds that since the [P]etition does not sufficiently allege the existence of a contract between ALM and Haybeych, there is no ten year prescriptive period applicable. To the extent that Plaintiff's [P]etition stated a cause of action for tort, any tort claim asserted in connection with the sale has prescribed. Accordingly, this [c]ourt sustains the peremptory exception of prescription.

With respect to a claim in tort, we agree with the trial court that Mr. Haybeych's Petition was untimely.[2] The action upon which Mr. Haybeych claims liability on the part of Defendants occurred in May 2012. Specifically, within his Petition, he alleges that the purported contract was cancelled on May 21, 2012. However, Mr. Haybeych did not file his Petition until May 6, 2014, at which time any claims in tort had prescribed. Therefore, we affirm that portion of the trial court's judgment sustaining ALM's exception of prescription as to any tort claim asserted against it.

However, as set forth above, we also affirm the trial court's grant of ALM's exception of no cause of action as it pertains to any contractual claims, but we amend the judgment to allow Mr. Haybeych the opportunity, within thirty days of the issuance of this opinion, to amend his Petition in order to cure the deficiency

---

[2]"Delictual actions are subject to a liberative prescription of one year." La.Civ.Code art. 3492.

relative to a cause of action against ALM for breach of contract, which has a ten-year prescriptive period.[3]

*Louisiana Civil Code Article 3019*

In his final assignment of error, Mr. Haybeych contends that "[t]he trial court also erred in declining to consider [his] argument (in brief opposing ALM's exceptions) as to La.[Civ.Code art.] 3019." Further, he asks this court to "reverse the trial court's failure to consider [the] potential application" of the article in this case. However, we need not and do not consider the merits of this assertion.

Insomuch as Mr. Haybeych argues that he has a claim against ALM pursuant to La.Civ.Code art. 3019, any such claim would be tortious in nature, subject to the one-year prescriptive period, and, therefore, prescribed. Hence, we pretermit a discussion herein as to the assertion of claims under this theory of liability since the trial court did not consider same; and, even if it had been sufficiently alleged, it was untimely brought.

**DECREE**

For the reasons assigned, the judgment of the trial court granting the exception of res judicata in favor of Defendant, JPMorgan Chase Bank, N.A., is reversed. The judgment of the trial court granting the exception of no cause of action in favor of Defendant, Asset Liquidators and Management, Inc., is affirmed as amended, to allow Mr. Haybeych to amend his Petition within thirty days of the issuance of this opinion. Additionally, that portion of the trial court's judgment granting the exception of prescription in favor of Asset Liquidators and Management, Inc. relative to any claims arising in tort is affirmed, and the

---

[3]"Unless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years." La.Civ.Code art. 3499.

13

exception of prescription as to a claim for breach of contract is pretermitted pending subsequent amendment to the Petition, if any. This matter is remanded for further proceedings consistent with this opinion. Costs of this appeal are assessed one-third to Alfonso Haybeych, one-third to JPMorgan Chase Bank, N.A., and one-third to Asset Liquidators and Management, Inc.

**REVERSED IN PART;**
**AFFIRMED IN PART AS AMENDED;**
**AFFIRMED IN PART;**
**AND REMANDED.**