NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

16-800

ALFONSO HAYBEYCH

VERSUS

JPMORGAN CHASE BANK NA, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20142345
HONORABLE PATRICK LOUIS MICHOT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN E. CONERY
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and John E. Conery, Judges.

AFFIRMED.

**Joseph L. Lemoine, Jr.**
**1018 Harding Street, Suite 102 B**
**Lafayette, Louisiana  70503**
**(337) 232-5001**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Alfonso Haybeych**

**Michael P. Bienvenu**
**Kinchen, Walker, Bienvenu, Bargas, Reed & Helm, L.L.C.**
**9456 Jefferson Highway, Building III, Suite F**
**Baton Rouge, Louisiana  70809**
**(225) 292-6704**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Asset Liquidators & Management, Inc. D/B/A ALM Realty**

**CONERY, Judge.**

Plaintiff, Alfonso Haybeych (Mr. Haybeych) appeals the trial court's ruling granting a peremptory exception of prescription in favor of Defendant, Asset Liquidators and Management, Inc. (ALM), thereby dismissing Mr. Haybeych's claims made in his amended petition with prejudice and at his cost. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

In its reasons for ruling dated June 13, 2016, the trial court succinctly stated the basis of Mr. Haybeych's case.

> This action involves a claim for damages arising from an alleged breach of contract entered into between Chase and Haybeych. On April 30, 2012, Chase placed two real estate lots for sale in Lafayette, through its real estate agent, ALM. Haybeych made an offer to purchase the property, and Chase responded with a counter-offer, which Haybeych alleges that he accepted. Thereafter, in May 2012, Chase allegedly cancelled the contract and sold the lots to a third party.

In April 2013, Mr. Haybeych filed a petition to perpetuate testimony against Chase. The trial court responded by granting Chase's exception of no cause of action and dismissing Mr. Haybeych's petition with prejudice. On May 16, 2014, Mr. Haybeych again filed suit against Chase and ALM, *in solido*, seeking damages for the failure of the sale of the two real estate lots.

Chase responded by filed an exception of *res judicata* and ALM filed peremptory exceptions of no cause of action and prescription. The trial court granted all three exceptions, and the ruling was appealed in what will be hereafter referred to as *Haybeych I*. *See Haybeych v. JP Morgan Chase Bank, N.A.*, 15-90 (La.App. 3 Cir. 11/4/15), 180 So.3d 491. In *Haybeych I*, a panel of this court

found that *res judicata* did not bar Mr. Haybeych's claim against Chase and reversed the trial court on that issue.

However, the panel sustained ALM's exception of no cause of action based on a breach of contract claim, and pursuant to La.Code Civ.P. art. 934 allowed Mr. Haybeych the opportunity to correct the deficiency in his petition within thirty days. The panel also agreed with the trial court that if Mr. Haybeych's claim sounded in tort, his claim against ALM was prescribed, and stated:

> Mr. Haybeych claims liability on the part of Defendants occurred in May 2012. Specifically, within his Petition, he alleges that the purported contract was cancelled on May 21, 2012. However, Mr. Haybeych did not file his Petition until May 6, 2014, at which time any claims in tort had prescribed. Therefore we affirm that portion of the trial court's judgment sustaining ALM's exception of prescription as to any tort claim asserted against it.

*Haybeych I*, 180 So. 3d at 499.

The panel in *Haybeych I* thus affirmed the trial court's ruling granting ALM's exception of no cause of action "as it pertains to any contractual claims," but allowed Mr. Haybeych the opportunity to amend his petition to cure the deficiency and state a "cause of action against ALM for breach of contract, which has a ten-year prescriptive period." *Haybeych I*, 180 So.3d at 499.[1]

This court in *Haybeych I* further addressed Mr. Haybeych's argument that the trial court failed to consider his argument on the application of La.Civ.Code art. 3019. The panel declined to consider the merits of Mr. Haybeych's argument on the application of La.Civ.Code art. 3019 and stated:

> Insomuch as Mr. Haybeych argues that he has a claim against ALM pursuant to La.Civ.Code art. 3019, any such claim would be tortious in nature, subject to the one-year prescriptive period, and, therefore, prescribed. Hence, we pretermit a discussion herein as to the

---

[1]"Unless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years." La.Civ.Code art. 3499.

assertion of claims under this theory of liability since the trial court did not consider same; and, even if it had been sufficiently alleged, it was untimely brought.

*Haybeych I*, 180 So.3d at 500.

### *Haybeych* **II**

Mr. Haybeych amended his petition, as ordered by the panel in *Haybeych I*, pursuant to La.Code Civ.P. art 934. Once again ALM filed a peremptory exception of prescription which was granted by the trial court. In its May 10, 2016 judgment the trial court once again dismissed all of Mr. Haybeych's claims against ALM with prejudice and at his cost, from which he now appeals.

### ASSIGNMENTS OF ERROR

Mr. Haybeych has submitted three assignments of error on appeal.

### ASSIGNMENT OF ERROR #1

The district court committed legal error in misinterpreting La.C.C. Art. 3019 which expressly states that "A mandatory who exceeds his authority is *personally bound* to the third party which whom he contracts…"

### ASSIGNMENT OF ERROR #2

The district court granting ALM's exception of *prescription* on grounds that Haybeych had allegedly failed to show "that ALM became *bound* to the alleged contract between Haybeych and Chase."

### ASSIGNMENT OF ERROR #3

To the extent that the district court was of the opinion that a claim for *breach of contract*, to which a mandatory became "personally bound" by virtue of having exceeded the authority constitutes a tort claim, the district court committed legal error.

### LAW AND DISCUSSION

#### *Law of the Case Doctrine*

Mr. Haybeych has made a valiant attempt to allege a breach of contract claim against ALM primarily based on La.Civ.Code art. 3019. However, this court

in *Haybeych I*, clearly stated that any claim made by Mr. Haybeych pursuant to La.Civ.Code art. 3019 sounded in tort, and thus was subject to the one year prescriptive period stated in La.Civ.Code art. 3492, "Delictual actions are subject to a liberative prescription of one year." Therefore, Mr. Haybeych's claims against ALM are prescribed, as his petition against ALM was filed after the one year prescriptive period.

We are thus constrained by the law of the case doctrine and will not consider Mr. Haybeych's arguments on the application of La.Civ.Code art. 3019. In *Spruell v. Dudley*, 06-15 (La.App. 1 Cir. 12/28/06), 951 So.2d 339, *writ denied*, 07-196 (La. 3/23/07), 951 So.2d 1106, our sister circuit stated:

> Pursuant to the "law of the case" doctrine, an appellate court generally will not, as part of a subsequent appeal, reconsider its earlier ruling in the same case. *H.R. 10 Profit Sharing Plan v. Mayeaux*, 03-0691, p.2 (La.App. 1 Cir. 9/17/04), 893 So.2d 887, 893 (on rehearing), *writ denied*, 05-0868 (La. 5/13/05), 902 So.2d 1031.

> In Louisiana *Land and Exploration Company v. Verdin*, 95-2579 (La. App. 1 Cir. 9/27/96), 681 So. 2d 63, *writ denied*, 96-2629 (La. 12/13/96), 692 So.2d 1067, *cert. denied*, 520 U.S. 1212, 117 S.Ct. 1696, 137 L. Ed. 2d 822 (1997), this court discussed the "law of the case doctrine" and its application as follows:

>> The law of the case principle is a discretionary guide which relates to (a) the binding force of a trial judge's ruling during the later stages of a trial, (b) the conclusive effects of appellate rulings at trial on remand, and (c) the rule that an appellate court ordinarily will not reconsider its own rulings of law on a subsequent appeal in the same case. It applies to all prior rulings or decisions of an appellate court or the supreme court in the same case, not merely those arising from the full appeal process. Re-argument in the same case of a previously decided point will be barred where there is simply a doubt as to the correctness of the earlier ruling. However, the law of the case principle is not applied in cases of palpable error or where, if the law of the case were applied, manifest injustice would occur.

4

> The reasons for the "law of the case" doctrine is to avoid relitigation of the same issue; to promote consistency of result in the same litigation; and to promote efficiency and fairness to both parties by affording a single opportunity for the argument and decision of the issue.

*Spruell*, 951 So.2d at 342.

Based on our review of the record and the trial court's reasons for ruling which specifically adopts the ruling of this court in *Haybeych I*, we find "no palpable error," nor do we find "manifest injustice would occur." *Spruell*, 951 So.2d at 342. Mr. Haybeych was well aware of any potential claims he may have had against defendants, as his attorney filed a petition to perpetuate testimony in April of 2013 and thus had actual knowledge of the May 21, 2013 prescription date. We find that the trial court correctly concluded that based on his amended petition, Mr. Haybeych failed to state a cause of action in contract against ALM and his claim was therefore prescribed.

**CONCLUSION**

Based on the foregoing, the trial court's judgment of May 10, 2016 is affirmed in its entirety, dismissing all claims made by Alfonso Haybeych as against Asset Liquidators and Management, Inc. with prejudice at plaintiff's cost. All costs of this appeal are assed to Alfonso Haybeych.

**AFFIRMED.**

**This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2-16.3.**